**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00815-REB-NYW

MICHAEL COMBS, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

JAGUAR ENERGY SERVICES, LLC,

    Defendant.

---

**ORDER DENYING MOTION FOR LEAVE TO SERVE EXPERT REPORTS
AND DISCLOSURES AFTER DEADLINE**

---

Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendant Jaguar Energy Services LLC's Motion for Leave to Serve Expert Reports and Disclosures After the Deadline (the "Motion"). [#22, filed Dec. 11, 2015]. The court considers this Motion pursuant to the Order of Reference dated April 20, 2015 [#6] and the memorandum dated December 14, 2015 [#23]. Having considered Defendant's motion, the relevant case law, and the history of this case, the court DENIES the Motion because Defendant has failed to show good cause for its untimely request for this relief, which it requested for the first time more than five weeks after the deadline for which it sought an extension.

## PROCEDURAL AND FACTUAL BACKGROUND

    Plaintiff Michael Combs initiated this action on March 2, 2015 in the Adams County District Court to resolve a dispute under the Colorado Wage Claim Act ("CWA") based on Jaguar Energy's alleged failure to pay out overtime compensation owed to him individually,

and to all other similarly situated employees. [#3]. Defendant removed this action from state court by a notice dated April 17, 2015, and filed an Answer on May 8, 2015. [#1, #10]. This court held a Scheduling Conference on July 2, 2015 and entered a Scheduling Order that required the party bearing the burden of proof on any issue to "designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 2, 2015." [#16 at 7]. Similarly, the parties were ordered to "designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 2, 2015." [*Id.*]. The Scheduling Order also set deadlines to join other parties and amend pleadings by August 17, 2015; complete discovery by January 2, 2016; and file dispositive motions on or before February 2, 2016. [*Id.* at 6]. In addition, Judge Blackburn entered a Trial Preparation Order on July 8, 2015. [#17]. The Trial Preparation Order sets deadlines, imposes requirements that supplement the Scheduling Order and imposes trial preparation requirements, including a deadline of January 4, 2016 for filing Rule 702 motions challenging the admissibility of expert opinions. [*Id.* at 2].

On December 11, 2015, more than 5 weeks after the November 2, 2015 deadline to disclose the affirmative opinions of expert witnesses, Defendant filed the present Motion. [#22]. In the Motion, Defendant requests leave to serve expert disclosures after the November 2, 2015 deadline. Defendant states that it has raised preemption of the Colorado Wage Act ("CWA") by the Federal Aviation Administration Authorization Act ("FAAAA") as an affirmative defense. [*Id.* at 1]. According to Defendant, this affirmative defense requires it to show that the overtime pay requirements of the CWA would have a "significant effect" on its prices, routes, and/or services as a "motor carrier." [*Id.*]. Defendant admits that this affirmative defense "does not necessarily require an expert report," but it "believes reports

2

from expert economists presents the most effective way to resolve this question with the greatest clarity." [*Id.* at 1-2]. To that end, Defendant states that it has retained two independent expert economists, Dr. Donald House, Sr. and Dr. Donald House, Jr., to opine on these issues. [*Id.*].

Although Defendant's deadline to disclose experts and to provide the disclosures of expert opinions required under Rule 26(a)(2)(B) was November 2, 2015, Defendant did not meet that deadline. [*Id.* at 4]. Defendant states that this was because "[s]hortly after retaining its independent experts to prepare a report, Jaguar discovered that the report could not be prepared by the November 2, 2015 deadline because the time required to gather the relevant data and prepare the report did not comport with Mr. Schendel's and the experts' schedules." [*Id.* at 4]. Despite acknowledging that the experts told Defendant that they could not meet the November 2, 2015 deadline shortly after they were retained, Defendant did not move for an extension of that deadline until December 11, 2015.

Plaintiff filed an opposition to the Motion on January 4, 2016. [#24]. Plaintiff points out that Defendant waited until five weeks after the deadline to serve expert disclosures to seek an extension and as of the date of Plantiff's opposition had still not served expert disclosures. [*Id.* at 1]. Plaintiff also points out that Judge Blackburn's practice standards, which this court follows in cases in which Judge Blackburn is presiding, requires motions for extensions to be filed at least three days before the expiration of the applicable deadline. [*Id.*].

## ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). A retained

expert must provide a report that contains "(1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; and (5) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The sequence of disclosures is also dictated by the Rule, with affirmative experts disclosed first, and rebuttal witnesses disclosed within 30 days after the other party's disclosure (unless otherwise set by the court). Fed. R. Civ. P. 26(a)(2)(D). There is no dispute that as to the affirmative defense invoked by Defendant, Defendant bears the burden of proof and accordingly, was required to disclose its affirmative expert no later than November 2, 2015.

As repeatedly noted by courts in this District, a Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. *See Lehman Bros. Hldgs, Inc. v. Universal American Mortg'g Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (citation omitted). Motions to amend a Scheduling Order must be made pursuant to Rule 16(b)(4) for good cause, and amendments are granted with the judge's consent. Fed. R. Civ. P. 16(b)(4). Good cause is not simply inconvenience to counsel; a party must demonstrate that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay. *Lehman Bros.*, 300 F.R.D. at 681.

In this case, Defendant identified its affirmative defense based on preemption by the FAAAA no later than May 8, 2015, when it filed its Answer. [#10 at ¶ 22]. That was over one month before the Scheduling Order was entered in the case, which explicitly provided that the party bearing the burden of proof on any issue (whether Plaintiff or Defendant) was to designate experts **and propound reports as required by Fed. R. Civ. P. 26(a)(2)** on or before November

2, 2015. [#16 at 7 (emphasis added)]. Defendant acknowledges that prior to that deadline, it knew that a report could not be prepared by November 2. [#22 at ¶ 7]. Yet Defendant took no action in an attempt to secure any type of extension at that time from the court prior to the deadline.

Under Rule 1 of the Federal Rules of Civil Procedure, this court is charged with administering the Federal Rules of Civil Procedure and this matter "to secure the just, speedy, and inexpensive determination." Moreover, Judge Blackburn's Practice Standards explicitly require that a party seeking an extension of a deadline such as that to propound expert disclosures, move for that extension "no later than **three (3)** business days before" the expiration of the deadline. REB CIV. PRACTICE STANDARD II.G.2 and 4 (emphasis in original). Defendant failed to provide any good cause for the belated expert disclosures, and its conduct is particularly unacceptable given its knowledge of the affirmative defense since the filing of its Answer almost six months before the deadline to identify experts and propound reports; its acknowledgment that it knew prior to the expert report deadline that it would be unable to meet such deadline; and the many weeks that passed between its missed deadline and its request for relief from the court. The court will not grant an extension of the expert deadline, which would also require extensions of other deadlines in this case, including the deadlines to complete discovery, file dispositive motions, and file Rule 702 motions.

Therefore, **IT IS ORDERED** that:

(1)     Defendant's Motion for Leave to Serve Expert Reports and Disclosures After Deadline [#22] is **DENIED**.

DATED: January 4, 2016

BY THE COURT:

*s/* Nina Y. Wang
United States Magistrate Judge